IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,617-02






EX PARTE ANTHONY MARES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 24573 IN THE 3RD DISTRICT COURT


FROM ANDERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to ninety-nine years' imprisonment. The Twelfth Court of Appeals affirmed
his conviction. Mares v. State, No. 12-99-00278-CR (Tex. App.-Tyler, March 31, 2000, no pet.).

 Applicant contends that the State failed to disclose that before trial the complainant told Jeff
Herrington, then the Anderson County District Attorney, that the person who shot him was
unfamiliar with the use of the gun and also the shorter of the persons he encountered during the
robbery. 

 On February 13, 2008, we remanded this application and directed the trial court to make
findings of fact and conclusions of law. On remand, the trial court adopted Applicant's proposed
findings of fact and conclusions of law, which recommended that we grant relief. We believe that
the record is not sufficient and that the trial court should make further findings of fact. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to what evidence or witnesses Applicant
would have discovered had the complainant's statement to Herrington been disclosed. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 1, 2009

Do not publish